AO 451 (Rev. 01/09) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the

Western District of Michigan



FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 15 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____P DEPUTY

mc-10-30-PHX

| | | |
|---|---|---|
| PAMELA WELLS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:07-cv-1214 |
| CORPORATE RECEIVABLES, INC. et al. | ) | |
| *Defendant* | ) | |

### CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

\*\*

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* __02/18/2010__.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date: __03/08/2010__

Tracey Cordes, Clerk

\*\*Order amending name of the defendant filed 03/03/10; docket #170

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|                                      |                                      |
|--------------------------------------|--------------------------------------|
| PAMELA WELLS,                        | Case No. 1:07-cv-1214                |
| Plaintiff,                           |                                      |
| v.                                   | HONORABLE PAUL L. MALONEY            |
|                                      | Magistrate Judge Ellen S. Carmody    |
| CORPORATE ACCOUNTS RECEIVABLE,       |                                      |
| Defendant.[1]                        |                                      |

## ORDER

**Directing Defendants to Pay Attorney Fees and Costs Per their Amended Application;**

**Scheduling Oral Argument on Plaintiff's Motion for Appointment of a Receiver;**
**Directing the Plaintiff to file a Reply Brief in Support of Receivership**

Plaintiff Wells received $2,500 in damages for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692k ("FDCPA"). The court determined, and Corporate Accounts Receivable ("CRI") conceded, that Wells's counsel are entitled to an award of fees as a prevailing party under the Act. *Wells v. CRI*, No. 1:07-cv-1214, 2009 WL _____ (W.D. Mich. 2009) (Maloney, C.J.) ("*Wells 2*") (citing *Wright*, 22 F.3d at 651 (citing 15 U.S.C. § 1692k(a)(3)).

Wells requested about $95,000 in fees and costs for her three counsel, and CRI advanced four respects in which her fee request was excessive: (1) Wells should have sought summary

---

[1] The other named defendant, Angela Galvan, has never filed an appearance in this matter, and Wells secured default judgment against her. Accordingly, the caption no longer lists Galvan.

judgment early on, when she learned CRI employee Galvan had violated the FDCPA; (2) she never communicated a settlement demand; (3) counsel performed tasks which did nothing to resolve the case swiftly; and (4) certain line items in their bills were duplicative, unnecessary, or excessive. In *Wells 2*, this court concluded as follows,

> As for the tasks completed by plaintiff's counsel Lyngklip and Petrik, and the amount of time expended on those tasks, the court finds that counsel spent reasonable amounts of time on appropriate tasks. In particular, the court rejects defendant CRI's notion that plaintiff's counsel unnecessarily multiplied and prolonged these proceedings and should thus be deprived of reimbursement for work done after some point much earlier in litigation when they should have settled.
>
> On the contrary, for example, defendant CRI could have simply consented to summary judgment when Wells filed her motion for partial summary judgment (document #89) on March 31, 2009, yet CRI had a new attorney enter an appearance on April 7, 2009 who did no such thing, letting the motion sit.
>
> As for the suggestion that Wells's counsel should have moved for summary judgment sooner, they correctly point out that a motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's Rule 56(f) affidavit and request or on the court's own initiative without an explicit request from the opposing party. Conversely, the record discloses no strong reason why CRI could not have withdrawn its defenses and stipulated to liability far earlier in the case –rather than waiting until the week scheduled for trial.

*Wells 2*, 2009 WL _____ (first ¶ break added). Noting the Supreme Court's admonition that a motion for attorneys' fees should not become a "second major litigation itself", *Buckhannon*, 532 U.S. at 609 (Rehnquist, J.), the court concluded that "the record does not convince the court that plaintiffs' counsel Lyngklip and Petrik engaged in any bad faith tactics, or made any indefensible judgments about how to proceed in their case, which unduly multiplied proceedings and their cost." *Wells 2*, 2009 WL at _____. The court turned to a determination of appropriate hourly rates.

Earlier this month, applying the standard set forth in *B&G Mining*, 522 F.3d at 663 and other precedents, the court consulted Judge Quist's helpful list of factors in determining hourly rates:

-2-

> "The reasonable hourly rate in the community may be established through proof of rates charged in the community under similar circumstances as well as opinion evidence of reasonable rates. Other relevant sources include the attorney's actual billing rate and fee awards from prior cases. Finally, a court may determine a reasonable rate based on its own expertise and judgment."

*Wells v. Corporate Receivables, Inc.*, No. 1:2007-cv-1214, 2010 WL _____ (W.D. Mich. Feb. 8, 2010) ("*Wells 3*") (citations omitted). Ian Lyngklip, Esq., requested $375 per hour, which this court reduced to $300; Julie Petrik requested $275 per hour, which this court reduced to $200; and Rochelle Guznack requested $200 per hour, which this court approved. The court also accepted plaintiff counsels' offer to withdraw the portions of their fee request to which CRI objected. Plaintiffs' counsel filed an amended fee application on Tuesday, February 9, 2010: taking this court's rate reductions together with counsels' concessions, their fee request dropped from about $95,000 to about $70,800. They request $1,836.57 in costs. (CRI previously paid the full $2,500 in FDCPA damages, and *Wells 3* already directed CRI to pay $1,280 in attorneys fees to plaintiff's counsel Rochelle Guznack no later than Friday, April 2, 2010.)

Finding that plaintiff counsels' amended fee request is reasonable and appropriate (and adequate to ensure competent representation of plaintiffs in such cases), and having received no further objections from defendant CRI, the court will adopt the amended fee request.

## ORDER

No later than Friday, April 2, 2010, the **defendants SHALL PAY** $1,280 (one thousand two hundred and eighty dollars and zero cents) to Rochelle Guznack as attorney fees.

No later than Friday, April 23, 2010, the **defendants SHALL PAY** $71,370.06 (seventy-one thousand three hundred seventy dollars and six cents) to the Lyngklip & Associates Consumer Law

Center, PLC, as attorney fees and costs.

Due to an earlier default judgment, defendant Angela Galvan is **jointly and severally liable** for these amounts and all other amounts awarded or paid to plaintiff in this case.

Oral argument on plaintiff's motion for appointment of a receiver **[doc # 165]** will be heard before the undersigned on March 29th, 2010 at 1:30 PM, Kalamazoo, MI.

No later than Friday, March 5, 2010, the plaintiff **SHALL FILE** a reply brief in support of the motion to appoint a receiver.

**IT IS SO ORDERED** on this  18th  day of February 2010.

/s/ Paul L. Maloney
Honorable  Paul L. Maloney
Chief United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA WELLS,

        Plaintiff,                            HONORABLE PAUL L. MALONEY

v.                                       Case No. 1:07-cv-1214

CORPORATE RECEIVABLES, INC.,

        Defendant.

_____/

## ORDER AMENDING PREVIOUS ORDERS

It has been brought to the Court's attention that in two of its previous orders the name of the defendant is listed as Corporate Accounts Receivable, but the correct name of the defendant is Corporate Receivables, Inc. This Court's prior orders, specifically document numbers 166 and 169, are **HEREBY AMENDED**, *nunc pro tunc*, to correct the references to the defendant as "Corporate Receivables, Inc." rather than "Corporate Accounts Receivable." The error occurs in the caption and the second sentence of each document. This is merely a clerical error and does not affect the substantive content of the orders.

        **IT IS SO ORDERED**.

Date: March 3, 2010                                        /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                 Chief United States District Judge